# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PATRICIA KENNEDY,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　Case No: 6:17-cv-1183-Orl-31GJK

**SCF RC FUNDING I LLC and CAPTAIN D'S LLC,**

      **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 20) filed by the Defendants and the response in opposition (Doc. 22) filed by the Plaintiff, Patricia Kennedy.

### I.  Background

According to the allegations of the Complaint (Doc. 1) which are accepted in pertinent part as true for purposes of resolving the instant motion, Kennedy has limited use of her hands and is "bound to ambulate in a wheelchair or with a cane or other support". (Doc. 1 at 1). Defendant SCF RC Funding I LLC (henceforth, "SCF") is alleged to be the owner, lessor, lessee or operator of a Captain D's restaurant in Seminole County, Florida. (Doc. 1 at 1). Kennedy does not explain the presence of Captain D's LLC as a defendant in this matter.

Kennedy visited the Captain D's restaurant at issue, which she contends is a "place of public accommodation" as that term is defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12183, 12181-12205a ("ADA"). (Doc. 1 at 1). She encountered architectural barriers that discriminated against her on the basis of her disability, and she plans to return to the

restaurant to "avail herself of the goods and services" offered there and to "determine whether the property has been made ADA compliant". (Doc. 1 at 3). "In the alternative," Kennedy asserts, she is a "tester" who monitors whether places of public accommodation are in compliance with the ADA.[1] (Doc. 1 at 3).

Kennedy filed her single-count ADA complaint against the Defendants on July 26, 2017. (Doc. 1). On September 8, 2017, the Defendants filed the instant motion, arguing that Kennedy lacks standing to pursue her ADA claim. (Doc. 30).

**II. Standards**

A. <u>The Americans with Disabilities Act</u>

Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181-12189 ("Title III"), which addresses "Public Accommodations and Services Operated by Private Entities," provides that "[n]o individual shall be discriminated against on the basis of disability in any place of public accommodation." 42 U.S.C. § 12182(a). Any person subjected to discrimination on the basis of disability in violation of Title III may bring a private action. 42 U.S.C. § 12188(a). Title III defines "discrimination" as, among other things, "a failure to remove architectural barriers … in existing facilities … where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). To prevail on a Title III ADA claim, a plaintiff generally has the burden of proving (1) that he or she is an individual with a disability; (2) that the defendant is a place of public accommodation; and (3) that defendant denied him or her full and equal enjoyment of goods, services, facilities or privileges offered by the defendant (4) on the basis of his or her disability. *Schiavo ex rel Schindler v. Schiavo*, 358 F.Supp.2d 1161, 1165 (M.D. Fla. 2005). The only relief available to

---

[1] It is not clear whether this is an alternative explanation for her initial visit to the restaurant or an alternative basis for her plans to return in the future.

plaintiffs suing under Title III of the ADA is injunctive relief. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013).

      B.     <u>Standing to pursue an ADA Title III claim</u>

To have standing under Article III of the Constitution, a plaintiff must satisfy three elements: First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, rather than conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Second, there must be a causal connection between the injury and the conduct complained of; that is, the injury must be fairly traceable to the challenged action of the defendant rather than the result of independent action of a third party. *Id* And it must be likely, rather than merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 561. The party invoking the jurisdiction of the federal courts has the burden of establishing each element. *Id.*

To establish standing when injunctive relief is sought, the "injury in fact" element requires an additional showing: In addition to past injury, the plaintiff must demonstrate a "sufficient likelihood" of being affected by the unlawful conduct in the future. *Wooden v. Bd. of Regents of Univ. Sys. Of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001). Generally speaking, in the context of an ADA Title III claim, this is accomplished by showing that the plaintiff intends to return to the property at issue. The United States Court of Appeals for the Eleventh Circuit has rejected arguments that a tester's motive for a past (or future) visit to a place of public accommodation precludes him or her from having standing to seek injunctive relief under Title III of the ADA. *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013). On a defendant's motion to dismiss, the Court must evaluate standing based on the facts alleged in the complaint. *See, e.g., Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001).

C. <u>Stating an ADA claim</u>

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. at 1949 (internal citations and quotations omitted). "[W]here the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.  Analysis**

The Defendants argue at great length that Kennedy has not made a sufficient showing that she intends to return to the restaurant so as to have standing to pursue injunctive relief. Relying on answers to interrogatories they posed to the Plaintiff, the Defendants point out that Kennedy lives more than 200 miles from the property and has only visited it once. (Doc. 20 at 2). In addition, they contend that her statement that she "will most likely return to the property" is insufficiently concrete to provide the requisite likelihood of future injury to give her standing here.

As noted, on a motion to dismiss, the Court is required to assess standing based on the allegations of the complaint. *Shotz*, 256 F.3d at 1081. The Court sees no basis, at this early stage of the proceedings, for treating the instant motion as one for summary judgment so as to rely on matters outside the Complaint. The Court will therefore treat the motion solely as a motion to dismiss.

In her Complaint, Kennedy has alleged that she is an ADA tester, that she encountered discrimination at the property, and that she intends to return to see whether the conditions have been remedied. Because testers have standing to seek injunctive relief under the ADA, *see Marod Supermarkets*, 733 F.3d 1323, this is sufficient in the context of a Rule 12 motion to establish her standing to pursue an injunction. Even if the Court were to consider the distance Kennedy would have to travel to return to the restaurant and the fact that she has visited it only once, this would not overcome her statement, as an ADA tester, that she intends to go back.[2]

---

[2] It should be noted that, while Kennedy has established standing in the Complaint, that

- 5 -

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 20), is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 28, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

document lacks any factual allegations as to the architectural barriers she encountered at the restaurant. As such, it appears that she has failed to state a claim. *See Kennedy v. Paniccia-Indialantic, LLC*, Case NO. 6:16-cv-2208-GAP-DCI (M.D. Fla. November 9, 2017) (Presnell, J.) (dismissing ADA claim without prejudice due to lack of factual allegations). However, as the Defendants have not raised the issue, the Court will not consider it.